IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARRYL D. MCGHEE,
    Petitioner,

vs.                                      Case No.: 3:24cv134/LAC/ZCB

LINDA LYKINS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a federal habeas corpus case filed under 28 U.S.C. § 2254. (Doc. 1). Currently pending is Petitioner's "Motion for Bail by Release on Own Recognizance Pending Decision." (Doc. 24). For the reasons below, Petitioner's motion should be denied.

### I.    Background

Petitioner is Darryl D. McGhee, a prisoner in the Florida Department of Corrections (FDOC) who is serving a sentence for failure to register as a sex offender. He filed his initial habeas petition in March of 2024. (Doc. 1). That petition suffered from several procedural and substantive deficiencies, so the Court advised him of those deficiencies and directed him to file an amended petition. (Doc. 3).

1

Petitioner filed an amended petition, but it did not comply with the Court's directives or the instructions on the Court's petition form. (Docs. 6, 9). The Court gave Petitioner one final opportunity to file an amended petition that complied with the Court's requirements. (Doc. 9).

Petitioner filed his second amended petition on July 3, 2024. (Doc. 14). That petition presents four grounds for habeas relief. (Doc. 14 at 9-15). Petitioner states three of those grounds are currently pending disposition in the state courts, and the fourth ground has never been presented in state court. (*Id.*).

The Court served the second amended petition and set Respondent's answer deadline as December 16, 2024. (Doc. 20). Petitioner has now filed the instant motion for release on bail pending final disposition of his second amended petition. (Doc. 24)

## II.   Discussion

A district court may release a state prisoner on bond pending hearing and decision on his petition for a writ of habeas corpus. *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) (citations omitted).[1]  A

---

[1] The Eleventh Circuit adopted as binding precedent all former Fifth

prisoner seeking such release must satisfy two conditions: "first, he must demonstrate a likelihood of success on the merits of a substantial constitutional claim; second, extraordinary and exceptional circumstances must exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought." *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990). Exceptional circumstances warranting release on bail may include a serious deterioration of health while incarcerated and unusual delay in the review process. *United States v. Mett*, 41 F.3d 1281, 1282 n.4 (9th Cir. 1994).

Here, Petitioner has not demonstrated a likelihood of success on the merits of a substantial constitutional claim. Additionally, he has not shown any extraordinary or exceptional circumstances that merit release from prison pending the outcome of this habeas case. He alleges he will continue to suffer "irreparable injury (both mentally and physically)" if he is not released on bail. (Doc. 24 at 2). He also alleges he poses no risk of flight or breaking the law if he is release. (*Id.*). The ordinary

---

Circuit decisions rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc)

mental and physical hardships that come with prison life are not extraordinary or exceptional. And Petitioner's assertion that he will not flee or break the law is not enough to satisfy the high standard for release on bail pending the outcome of this habeas proceeding. Moreover, any delay in this habeas proceeding is attributable to Petitioner himself.

For these reasons, Petitioner's motion for release on bail should be denied. *See Wilson v. Sec'y, Dep't of Corr.*, No. 17-10060-D, 2017 WL 11815408, at *1 (11th Cir. May 10, 2017) (affirming district court's denial of petitioner's request for release on bond where petitioner failed to demonstrate a likelihood of success on the merits of a substantial constitutional claim, and he alleged he suffered from a skin condition but did not allege facts sufficient to deem his condition a "serious deterioration" of his health).[2]

---

[2] *See also, e.g.*, *In re Roe*, 257 F.3d 1077, 1080-81 (9th Cir. 2001) (holding that district court clearly erred in releasing petitioner despite the seriousness of the constitutional violations alleged in his habeas petition, because his alleged circumstances, including his allegations of failing health, were not extraordinary or exceptional); *Landano v. Rafferty*, 970 F.2d 1230, 1239-41 (3d Cir. 1992) (holding that petitioner's allegations of delay in habeas review process resulting from his own failure to exhaust state remedies, his allegations of innocence, and his allegations of a minimal flight risk did not rise to level of extraordinary circumstances); *Martin v. Solem*, 801 F.2d 324, 330 (8th Cir. 1986) (holding that district court erred in granting petitioner's request for release on bail because

Accordingly, it is respectfully **RECOMMENDED** that Petitioner's "Motion for Bail by Release on Own Recognizance Pending Decision" (Doc. 24) be **DENIED**.

At Pensacola, Florida, this 5th day of November 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**Notice to the Parties**
Objections to these proposed findings and recommendations must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

there was nothing unusual about a claim of unlawful confinement in a habeas proceeding, and petitioner made no showing of any medical emergency or any other special circumstances). *Cf. Johnston v. Marsh*, 227 F.2d 528 (3d Cir. 1955) (holding that the district court properly granted bail where petitioner demonstrated he was gravely ill and conditioned petitioner's release on his entering a hospital to seek necessary medical care).